2023-1469

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**Z.A. SEA FOODS PRIVATE LTD., B-ONE BUSINESS HOUSE PVT. LTD., HARI MARINE PRIVATE LTD., MAGNUM EXPORT, MEGAA MODA PVT. LTD., MILSHA AGRO EXPORTS PRIVATE LTD., SEA FOODS PRIVATE LTD., SHIMPO EXPORTS, FIVE STAR MARINE EXPORTS PRIVATE LIMITED, HN INDIGOS PRIVATE LTD., RSA MARINES, ZEAL AQUA LTD.,**
*Plaintiffs-Appellees*

v.

**UNITED STATES,**
*Defendant*

**AD HOC SHRIMP TRADE ACTION COMMITTEE,**
*Defendant-Appellant*

_____

Appeal from the United States Court of International Trade in
Court No. 1:21-cv-00031-GSK, Judge Gary S. Katzmann

_____

## REPLY BRIEF OF DEFENDANT-APPELLANT
## AD HOC SHRIMP TRADE ACTION COMMITTEE

<div style="margin-left:40%">

Nathaniel Maandig Rickard
Zachary J. Walker
**PICARD KENTZ & ROWE LLP**
1750 K Street NW
Suite 800
Washington, DC 20006
(202) 331-4040

*Counsel to the Ad Hoc Shrimp
Trade Action Committee*

</div>

June 26, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 2023-1469 |
| **Short Case Caption** | Z.A. Sea Foods Private Ltd. v. US |
| **Filing Party/Entity** | Ad Hoc Shrimp Trade Action Committee |

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 06/26/2023

Signature: /s/ Zachary Walker

Name: Zachary Walker

**FORM 9. Certificate of Interest**

Form 9 (p. 2)
March 2023

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Ad Hoc Shrimp Trade Action Committee | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐  Yes (file separate notice; see below)    ☑  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑  None/Not Applicable          ☐  Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION ................................................................................1

ARGUMENT ......................................................................................3

    I.    The CIT Erred In Holding that Commerce Failed to Support Its Determination that ZA Sea Foods' Third Country Sales Were Not Representative With Substantial Evidence ...........................................3

    II.   The CIT Erred In Holding that Domestic Producers Waived Any Argument Regarding the Appropriate Interpretation of the Language "For Consumption" ..............................................................12

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ..............................20

# TABLE OF AUTHORITIES

## Cases

Baley v. United States,
    942 F.3d 1312 (Fed. Cir. 2019) ................................... 16-17

Celgene Corp. v. Peter,
    931 F.3d 1342 (Fed. Cir. 2019) ........................................6

Cleo Inc. v. United States,
    501 F.3d 1291 (Fed. Cir. 2007) .......................................6

Corley v. United States,
    556 U.S. 303 (2009)........................................................19

E.I. DuPont de Nemours & Co. v. United States,
    22 C.I.T. 19 (1998) ........................................................11

Husteel Co. v. United States,
    463 F. Supp. 3d 1334 (Ct. Int'l Trade 2020) ...................10

Husteel Co. v. United States,
    520 F. Supp. 3d 1296 (Ct. Int'l Trade 2021) .....................5

INA Walzlager Schaeffler KG v. United States,
    957 F. Supp. 251 (Ct. Int'l Trade 1997) ..........................14

Jacobi Carbons AB v. United States,
    222 F. Supp. 3d 1159 (Ct. Int'l Trade 2017) ...................11

Matsushita Elec. Indus. Co. v. United States,
    750 F.2d 927 (Fed. Cir. 1984) .........................................7

Nan Ya Plastics Corp. v. United States,
    810 F.3d 1333 (Fed. Circ. 2016)............................... 15, 16

Trent Tube Div., Crucible Materials Corp. v. Avesta Sandvik Tube AB,
    975 F.2d 807 (Fed. Cir. 1992) .......................................11

U.S. v. Great American Ins. Co. of New York,
    738 F.3d 1320 (Fed. Cir. 2013) .................................. 17-18

Universal Camera Corp. v. NLRB,
    340 U.S. 474 (1951) ....................................................................... 6, 11

Z.A. Sea Foods Private Ltd. v. United States,
    569 F. Supp. 3d 1338 (Ct. Int'l Trade 2022) ............................. *passim*

Z.A. Sea Foods Private Ltd. v. United States,
    606 F. Supp. 3d 1335 (Ct. Int'l Trade 2022) ............................... 13, 14

## Statutes

19 U.S.C. § 1677b ......................................................................... *passim*

19 U.S.C. § 1677e ............................................................................... 15

## Administrative Determinations

Certain Frozen Warmwater Shrimp From India: Final Results of
    Antidumping Duty Administrative Review and Final Determination of
    No Shipments; 2018-2019, 85 Fed. Reg. 85,580 (Dep't Commerce
    Dec. 29, 2020) .............................................................................. *passim*

Notice of Amended Final Determination of Sales at Less Than Fair Value
    and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from
    India, 70 Fed. Reg. 5,147 (Dep't Commerce Feb. 1, 2005) ................................. 3

## Other Authorities

Antidumping Duties; Countervailing Duties, 62 Fed. Reg. 27,296
    (Dep't Commerce May 19, 1997) ......................................................... 5

---

**REPLY BRIEF OF DEFENDANT-APPELLANT
AD HOC SHRIMP TRADE ACTION COMMITTEE**

---

## **INTRODUCTION**

On behalf of Defendant-Appellant Ad Hoc Shrimp Trade Action Committee

("Defendant-Appellant" or "Domestic Producers"), we respectfully submit this

reply to the response brief submitted by Z.A. Sea Foods Private Ltd. ("ZA Sea

Foods"), B-One Business House Pvt. Ltd., Hari Marine Private Ltd., Magnum

Export, Megaa Moda Pvt. Ltd., Milsha Agro Exports Private Ltd., Sea Foods

Private Ltd., Shimpo Exports, Five Star Marine Exports Private Limited, HN

Indigos Private Ltd., RSA Marines, Zeal Aqua Ltd (collectively, "Plaintiff-

Appellees" or "Indian Respondents").  See Resp. Br. of Pl.-Appellees Z.A. Sea

Foods Private Ltd. et al., June 5, 2023, ECF No. 13 ("Indian Respondents Br.").

Indian Respondents make two general arguments in response to Domestic

Producers' opening brief.  See Corrected Opening Br. of Def.-Appellant Ad Hoc

Shrimp Trade Action Comm., Apr. 18, 2023, ECF No. 10 ("Opening Br.").  First,

they argue that the U.S. Court of International Trade ("CIT") correctly remanded

the U.S. Department of Commerce's ("Commerce") determination in the final

results of the 14th administrative review of the antidumping duty order on frozen

warmwater shrimp from India.  Indian Respondents Br. at 26-34; see also Certain

1

Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2018-2019, 85 Fed. Reg. 85,580 (Dep't Commerce Dec. 29, 2020) ("Final Results"), Appx2020-2025.  The CIT remanded the Final Results, holding that Commerce had failed to support with substantial evidence its determination that ZA Sea Foods' third country sales to Vietnam were not representative.  See Z.A. Sea Foods Private Ltd. v. United States, 569 F. Supp. 3d 1338, 1347-51 (Ct. Int'l Trade 2022) ("ZASF I"), Appx0027-0033.  Second, Indian Respondents argue that the CIT properly declined to substantively consider Domestic Producers' comments regarding the correct interpretation of the term "for consumption" used in section 773 of the Tariff Act of 1930 (the "Act"), as amended.  Indian Respondents Br. 38-43; see also 19 U.S.C. § 1677b(a)(1)(B)(ii).  As explained below, Indian Respondents' response relies on a faulty application of the substantial evidence standard of review.  As the possibility of two inconsistent conclusions does not preclude Commerce's decision from being supported by substantial evidence, the CIT erred in remanding the Final Results.  Accordingly, this Court should reverse the CIT's remand order in ZASF I and sustain the Final Results of Commerce's administrative review.

# ARGUMENT

## I.    THE CIT ERRED IN HOLDING THAT COMMERCE FAILED TO SUPPORT ITS DETERMINATION THAT ZA SEA FOODS' THIRD COUNTRY SALES WERE NOT REPRESENTATIVE WITH SUBSTANTIAL EVIDENCE

This case addresses a relatively straightforward question: whether Commerce supported with substantial evidence its factual finding that ZA Sea Foods' sales to Vietnam were not representative and therefore unsuitable to determine the normal value ("NV") of the subject merchandise.  See Opening Br. 11-12, 17-24.  Over a period of more than a decade, Commerce has developed a familiarity and expertise with the operations of the Indian (and Vietnamese) warmwater shrimp industries through numerous administrative proceedings.  The administrative review at issue in this appeal was the 14th conducted by Commerce of the antidumping duty order on frozen warmwater shrimp from India since the order was issued in February 2005.  See Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Certain Frozen Warmwater Shrimp from India, 70 Fed. Reg. 5,147 (Dep't Commerce Feb. 1, 2005).  Commerce's extensive knowledge of these industries is an expertise earned from experience.  These circumstances, in turn, underscore why the substantial evidence standard does not contemplate a re-weighing of evidence by the reviewing court.

The CIT remanded the final results of Commerce's administrative review, holding that the agency had failed to support its determination that ZA Sea Foods' third country sales were not representative with substantial evidence. <u>See</u> Appx0027-0033. The CIT's remand order in <u>ZASF I</u> substituted the CIT's own weighing of the evidence for that of the agency. <u>See</u> Opening Br. 20-24. The CIT should have instead evaluated whether a reasonable mind could reach the agency's factual conclusions.

Indian Respondents declare in their response brief that the CIT's remand order was required as none of Commerce's factual findings were supported by substantial evidence on the record. <u>See</u> Indian Respondents Br. 28 ("The problem is that none of these Commerce conclusions are supported by substantial evidence on the record."); <u>id.</u> ("Nor is there any record evidence that any of the scope merchandise that the Minh Phu Group might have commingled and entered into the United States was purchased from ZA Sea Foods."); <u>id.</u> at 34 ("In this review, no evidence on the administrative record established that ZA Sea Foods' customers did not process the frozen shrimp purchased from ZA Sea Foods into merchandise not under consideration.") (emphasis omitted). These claims mischaracterize the record. Indeed, as explained in Domestic Producers' opening brief and this reply, the <u>Final Results</u> lawfully determined NV using the constructed value ("CV") of

the merchandise after weighing record evidence and determining that ZA Sea Foods' third country sales to Vietnam were not representative.

Commerce may rely on third country sales to determine NV only if the requirements of the statute are met. 19 U.S.C. § 1677b(a)(1)(B)(ii); see also Opening Br. 15-16. Relevant to this case, "the price at which the foreign like product" is sold in the third country must be representative. 19 U.S.C. § 1677b(a)(1)(B)(ii)(I). The term "representative" is not defined by statute or regulation. See Appx0020; Antidumping Duties; Countervailing Duties, 62 Fed. Reg. 27,296, 27,357 (Dep't Commerce May 19, 1997) ("The Department has not included a definition of representative prices in these regulations . . . .") ("Preamble"). While third country sales are "presumptively representative where aggregate sales quantities are at a sufficient level," Appx0270, an interested party may challenge the representativeness of a respondents' reported third country sales. If Commerce finds that a respondents' third country sales are not representative, the agency must support its determination with substantial evidence. See, e.g., Appx0021 (citing Husteel Co. v. United States, 520 F. Supp. 3d 1296, 1305 (Ct. Int'l Trade 2021)).

Substantial evidence "does not require that there be an absence of evidence detracting from the agency's conclusion, nor is there an absence of substantial evidence simply because the reviewing court would have reached a different

conclusion based on the same record." Cleo Inc. v. United States, 501 F.3d 1291, 1296 (Fed. Cir. 2007) (citations omitted). Rather, "{t}he substantial evidence test requires only that there be evidence that a reasonable mind might accept as adequate to support a conclusion." Id. (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)). Importantly, substantial evidence review does not permit the court to reweigh record evidence. See Celgene Corp. v. Peter, 931 F.3d 1342, 1352 (Fed. Cir. 2019) (citations omitted).

The CIT incorrectly applied the substantial evidence standard in remanding Commerce's original determination. Contrary to the CIT's decision in ZASF I, Commerce reasonably analyzed record evidence developed by interested parties over the course of the agency's review and found that ZA Sea Foods' third country sales were unrepresentative and therefore unsuitable to determine NV. Appx2008-2014. Commerce's conclusion was supported by record evidence showing that ZA Sea Foods' sales to Vietnam were made primarily to customers that were themselves exporters of frozen shrimp. See Appx2009. For example, trade data on the record and considered by Commerce indicated that the majority of ZA Sea Foods' shipments to Vietnam were to three companies that, in part, compose the Minh Phu Group, a large Vietnamese exporter of frozen warmwater shrimp. Appx0558-0560; Appx0572-0588. The record also included information that Minh Phu used imported frozen shrimp as raw material inputs for its shrimp

6

exports to the United States and other markets.  See Appx0560-0561; Appx0616 (discussing the need for a surrogate value to apply to Minh Phu's purchases of frozen shrimp).  The record also demonstrated that ZA Sea Foods sold to other Vietnamese shrimp exporters known to Commerce.  See Appx0561-0562.  The Final Results considered and analyzed the significance of this information in deciding whether ZA Sea Foods' third country sales were representative.

Commerce's role in administrative reviews of antidumping duty orders necessarily includes making logical "extrapolations flowing from" the evidence on the record.  See Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984).  In this case, the trade pattern evidence of ZA Sea Foods' customers, and in particular evidence that shrimp sold to customers in Vietnam had historically been commingled with Vietnamese-origin shrimp and then exported from Vietnam, was reasonably interpreted by Commerce as supporting a conclusion that ZA Sea Foods' sales to Vietnam were not representative of sales in that third country market.  In holding that Commerce lacked "sufficient basis to conclude that {ZA Sea Foods'} Vietnamese sales were unrepresentative," Appx0028, the CIT substituted its own view of the evidence to reach a different conclusion.

The CIT also replaced its judgment for that of Commerce in discussing the importance of the EAPA evasion determination made by U.S. Customs and Border

Protection ("CBP") regarding Minh Phu.  In that determination, CBP found that Minh Phu's affiliated U.S. importer entered Indian-origin frozen shrimp that were transshipped through Vietnam.  Appx1966.  CBP's decision noted that Minh Phu "has a history of importing Indian-origin shrimp into Vietnam for processing," Appx1969, further explaining that the company processes Indian- and Vietnamese-origin shrimp in the same facilities, commingling shrimp of Indian- and Vietnamese-origin for certain orders.  Appx1970.  CBP's investigation further determined that Minh Phu was unable to trace its imports of Indian-origin shrimp through the production facility to specific sales.  Appx1972.

In the Final Results, Commerce explained the relevance of the EAPA decision to its own determination that ZA Sea Foods' sales to Vietnam were not representative.  Appx2009-2012.  Commerce explained that CBP's EAPA decision gave the agency "serious concerns" regarding use of ZA Sea Foods' Vietnamese sales as the basis for NV.  Appx2009.  For example, Commerce noted that ZA Sea Foods' sales to Minh Phu may have ultimately been sold in the United States.  Appx2012.  Because of the evidence that some of ZA Sea Foods' third country sales may not have been consumed in Vietnam, Commerce found that the EAPA investigation was relevant evidence that supported a conclusion that ZA Sea Foods' sales to Vietnam were not representative of sales in that third country market.  Id.

8

In reaching its original determination, Commerce also addressed evidence that may detract from its conclusion.  For example, Commerce considered the fact that the record does not indicate that ZA Sea Foods was aware of Minh Phu's commingling of Indian- and Vietnamese-origin raw shrimp inputs.  See Appx2009-2010.  Responding to arguments presented by ZA Sea Foods, the agency explained that any lack-of-knowledge on the part of the respondent did not eliminate Commerce's concern regarding use of such sales "for comparison with sales made directly to the United States."  Appx2009.  Indeed, sales that are not consumed in the third country market cannot be "representative" of sales in that market.  Thus, contrary to Indian Respondents' argument that Commerce failed to consider evidence that may detract from the agency's conclusion, see Indian Respondents Br. 36, Commerce considered and addressed ZA Sea Foods' arguments regarding the trade patterns of the respondent's Vietnamese customers.

Indian Respondents' response brief also attempts to re-characterize the primary issue of this appeal and devote significant briefing to issues that are not in dispute.  For example, Indian Respondents spend multiple pages discussing when a third country market is viable.  See Indian Respondents Br. 23-26.  But the viability of ZA Sea Foods' third country sales was not at issue.  Indian Respondents' repeated declaration that Commerce must support its determination that sales into a third country market are not representative with substantial

evidence is also non-controversial and uncontested.  See id. at 24 (citing Husteel Co. v. United States, 463 F. Supp. 3d 1334, 1342 (Ct. Int'l Trade 2020)).  Rather, the primary issue in this case is whether the CIT erred in concluding that Commerce failed to support its determination that ZA Sea Foods' third country sales were not representative with substantial evidence.  If substantial evidence supported Commerce's original determination, then this Court should reverse the CIT's remand order in ZASF I and instruct that the Final Results be reinstated.

While disputing Domestic Producers' argument that the CIT impermissibly reweighed record evidence, see Indian Respondents Br. 29 (arguing that "this is not a case where conflicting inferences may be drawn from the record" and that "it simply was unreasonable for Commerce" to have determined that ZA Sea Foods' sales were not representative), Indian Respondents' brief simply reflects their disagreement with the inferences drawn by Commerce.  For example, Indian Respondents argue that none of the conclusions drawn by Commerce from CBP's EAPA investigation are supported by substantial evidence.  Indian Respondents Br. 28 ("The problem is that none of these Commerce conclusions are supported by substantial evidence on the record.").  Indian Respondents similarly declare that there is "no evidence demonstrat{ing} that ZA Sea Foods' merchandise was re-exported" by its customers from Vietnam.  Id.  However, the record evidence that Indian Respondents interpret as supporting their preferred conclusion can also

reasonably be interpreted as supporting the conclusion reached by Commerce, i.e.,

that "ZA Sea Foods' main Vietnamese customer evaded the Indian shrimp

antidumping duty order by re-exporting shrimp purchased from India to the United

States." Appx2013. It is well-settled that Commerce enjoys "{b}road discretion"

in assessing relevant evidence in the course of conducting administrative reviews,

see E.I. DuPont de Nemours & Co. v. United States, 22 C.I.T. 19, 32 (1998)

(citation omitted), and that the "possibility of drawing two inconsistent conclusions

from the evidence does not preclude the agency's finding from being supported by

substantial evidence." Jacobi Carbons AB v. United States, 222 F. Supp. 3d 1159,

1168 (Ct. Int'l Trade 2017) (citations omitted). Thus, while Indian Respondents

draw a different conclusion from the record evidence, it does not follow that the

Final Results must fail as unsupported by substantial evidence. See Trent Tube

Div., Crucible Materials Corp. v. Avesta Sandvik Tube AB, 975 F.2d 807, 815

(Fed. Cir. 1992) (explaining that under the substantial evidence standard, "{i}t is

not for this court on appeal to reweigh the evidence or to reconsider questions of

fact anew"); Universal Camera Corp. v. NLRB, 340 U.S. at 488 (holding that a

court cannot "displace the {agency's} choice between two fairly conflicting

views").

   In the Final Results, Commerce acted within its discretion in determining

which interpretation of record evidence was appropriate. While Indian

Respondents challenge certain conclusions drawn by Commerce from record evidence, Indian Respondents concede that the record includes no information that the shrimp products sold by ZA Sea Foods to Vietnam were not re-exported.  <u>See</u> Indian Respondents Br. 32 ("Because ZA Sea Foods did not know the ultimate disposition of the shrimp products at the time of sale . . . it was unreasonable and irrelevant for Commerce to base its decision on the representativeness of ZA Sea Foods' sales on any alleged downstream trade patterns of ZA Sea Foods' customers.").  Accordingly, because Commerce correctly found that ZA Sea Foods' third country sales were not representative and supported its conclusion with substantial evidence, Commerce's original determination in the <u>Final Results</u> should not have been remanded.

## II.   THE CIT ERRED IN HOLDING THAT DOMESTIC PRODUCERS WAIVED ANY ARGUMENT REGARDING THE APPROPRIATE INTERPRETATION OF THE LANGUAGE "FOR CONSUMPTION"

Domestic Producers presented a straight-forward issue of statutory interpretation in comments filed in opposition to Commerce's remand determination:  Is Commerce permitted to determine NV on the price of third country sales when those sales were not made "for consumption" in the third country market?  <u>See</u> Appx0273-0292.  As explained in Domestic Producers' comments, the plain language of the statute answers this question.  <u>See</u> Appx0282-0292.  Specifically, section 773 of the Act requires that the NV of the subject

merchandise be, when determined using third country sales, "the price at which the foreign like product is so sold . . . for consumption" in that market.  19 U.S.C. § 1677b(a)(1)(B)(ii).

Domestic Producers' opening brief explained that the CIT's opinion sustaining Commerce's remand determination erred in holding that AHSTAC waived any argument regarding the correct interpretation of the language "for consumption," used in 19 U.S.C. § 1677b(a)(1)(B)(ii).  Appellant Br. 24-31; see also Z.A. Sea Foods Private Ltd. v. United States, 606 F. Supp. 3d 1335 (Ct. Int'l Trade 2022) ("ZASF II"), Appx0002-0015.  Indian Respondents' response fails to demonstrate that the CIT properly applied the waiver doctrine in side-stepping the statutory interpretation question presented by Domestic Producers.  Rather, Indian Respondents repeat the CIT's flawed waiver analysis, relying on case law that is not analogous to this case.  See Indian Respondents Br. 38-43.  Contrary to Indian Respondents' arguments, Domestic Producers' comments on the remand determination explained its position that the statute requires that Commerce may only determine the NV of the subject merchandise using third country sales when such sales are "for consumption" in that market.  See Appx0282-0292.  Domestic Producers' comments then highlighted specific record evidence rebutting any presumption that ZA Sea Foods' sales to Vietnam were for consumption in that market.  Id.  Domestic Producers finally reasoned that this record evidence meant

that Commerce should have continued using CV as the basis for NV, as the respondent's sales to Vietnam failed to meet the "for consumption" requirement of the statute.  Thus, by presenting its interpretation of the statutory language and applying the facts to that interpretation, the Domestic Producers presented an adequately developed argument.[1]

Indian Respondents argue that the CIT was correct to deem Domestic Producers' challenge to the remand determination waived based on "insufficiently developed" argument.  Indian Respondents Br. at 39 ("{T}he CIT was correct to deem Defendant-Appellant's argument waived.").  Indian Respondents cite three different opinions of this Court for the unchallenged principle that a party's failure to adequately develop an argument may result in a finding of waiver.  Id. at 38-39.  Notably, Indian Respondents do not make any effort to explain how the facts of these cases support the CIT's conclusion in ZASF II that Domestic Producers' "arguments flounder in light of its undeveloped analysis on the underlying question of statutory interpretation."  Appx0014; Indian Respondents Br. 38-39.  In fact, a review of these cases demonstrate that the CIT erred in making a finding of waiver in this case.

---

[1]    Indeed, Domestic Producers' argument parallels Commerce's interpretation of the same statutory language found in 19 U.S.C. § 1677b(a)(1)(B)(i).  See INA Walzlager Schaeffler KG v. United States, 957 F. Supp. 251, 264 (Ct. Int'l Trade 1997).

First, Indian Respondents quote from <u>Nan Ya Plastics Corp. v. United States</u> for the "well established" rule that a party must present "adequate argumentation" to support a statutory interpretation argument.  <u>See</u> Indian Respondents Br. 38 (quoting <u>Nan Ya Plastics Corp. v. United States</u>, 810 F.3d 1333, 1347 (Fed. Cir. 2016)).  <u>Nan Ya</u> does not support the CIT's determination that Domestic Producers' challenge to the remand determination was waived "due to the lack of adequate argument."  Appx0004.  In <u>Nan Ya</u>, a Korean exporter of polyethylene terephthalate film, sheet, and strip challenged Commerce assigning the company an adverse facts available ("AFA") rate.  <u>See</u> <u>Nan Ya</u>, 810 F.3d at 1339-41.  The CIT affirmed the AFA rate assigned to the respondent after remand.  <u>See</u> <u>id.</u> at 1340-41.  On appeal to this Court, the respondent challenged Commerce's interpretation of the language "any other information placed on the record" in 19 U.S.C. § 1677e(b)(4).  <u>See</u> <u>id.</u> at 1345-47.  This Court explained that the appellant failed to present this challenge to Commerce's statutory interpretation within the <u>Chevron</u> framework.  <u>Id.</u> at 1346-47.  The Court observed that this failure "typically warrants a finding of waiver."[2]  <u>Id.</u> (citations omitted).  Unlike

---

[2]    In <u>Nan Ya</u>, this Court addressed the respondent's argument regarding the correct interpretation of 19 U.S.C. § 1677e(b)(4), ultimately holding that the Court does not "impose conditions not present in or suggested by the statute's text."  <u>Nan Ya</u>, 810 F.3d at 1347.  Thus, while explaining the requirement that arguments not appropriately developed may be deemed waived, the Court in <u>Nan Ya</u> does not appear to have applied the waiver doctrine in reaching its holding.

the facts presented in that case, Domestic Producers' comments on Commerce's remand determination presented the CIT with the argument that the plain language of section 773 requires that third country sales be "for consumption" in that market before such sales may be used by Commerce to determine NV. See Appx0282-0283. Specifically, Domestic Producers reasoned that the "statutory framework for determining normal value on the basis of third country sales" requires that such sales be "'for consumption' in that third country market." Id. (emphasis omitted). Thus, Domestic Producers presented its challenge to the Commerce's remand determination as one of statutory interpretation. Accordingly, Nan Ya does not support the CIT's application of the waiver doctrine in this case.

The Indian Respondents' citations to Baley v. United States and United States v. Great American Insurance Co. of New York are of even less relevance. See Indian Respondents Br. 39-40. As an initial matter, Domestic Producers' opening brief discussed Baley v. United States and explained the significant differences between the facts of that case and those here. See Opening Br. 30-31. In Baley, a party requested certain damages related to the breach of a compact between the states of California and Oregon "in a single sentence in their opening brief." Baley v. United States, 942 F.3d 1312, 1330, n.20 (Fed. Cir. 2019). The Court in Baley declined to address this issue on appeal noting that the "cursory mention" of the compact, without developed argument, was insufficient to preserve

the issue.  Id.  In this case, Domestic Producers' comments on the remand determination provided more than a "cursory mention" of their statutory interpretation argument.  Indeed, the only issue presented by Domestic Producers to the CIT regarding the remand determination was the argument that the plain language of the statute allows Commerce to rely on third country sales to determine NV only when those sales are actually "for consumption" in the third country market.  See Appx0282-0283.  Thus, the facts of this case are not similar to those confronted in Baley where the appellant attempted to seek damages under an interstate compact with a "single sentence" of argument that made only "cursory mention" to the claim in question.

Great American Insurance is equally distinguishable and irrelevant to this appeal.  See Indian Respondents Br. 38-39 (citing U.S. v. Great American Ins. Co. of New York, 738 F.3d 1320 (Fed. Cir. 2013)).  In Great American Insurance, the United States brought a claim in the CIT seeking payment of antidumping duties covered by surety bonds.  See Great American Ins., 738 F.3d at 1323.  The United States appealed a post-judgment order by the CIT denying the government pre- and post-judgment interest.  Id. at 1325.  In Great American Insurance, the Court affirmed the CIT's determination that the government "did not sufficiently develop," and therefore waived, its claim for pre-judgment interest.  Id. at 1328.  The Court noted that the Government's summary judgment filing "did no more

17

than end its brief with a prayer for" pre-judgment interest.  Id.  In explaining its

application of the waiver doctrine, the Court noted that the government's failure to

raise the "significant question{}" of pre-judgment interest resulted in waiver

because the defendant was not provided "clear notice of its obligation to present its

legal and evidentiary response to the government's . . . claim."  Id.

Great American Insurance is not applicable to the facts of this case.

Domestic Producers' comments in response to the remand determination presented

its legal and evidentiary claim regarding the correct interpretation of 19 U.S.C.

§ 1677b(a)(1)(B)(ii).  See Appx0282-0283.  Thus, the factors that tilted in favor of

waiver in Great American Insurance are not present in this case.  Indian

Respondents (and the government) were able to respond to Domestic Producers'

argument regarding the correct interpretation of the "for consumption" language in

the statute.  See Appx0303-0304; Appx0316-0321.  Because Domestic Producers

provided its interpretation of the applicable law, accompanied by an explanation of

how the law should be applied to the facts of this case, the CIT erred in holding

that Domestic Producers waived any challenge to Commerce's remand

determination.

Indian Respondents argue further that the lack of previous case law

interpreting the term "for consumption" language in the statute does not "abrogate"

Domestic Producers from its responsibility to present a developed argument on the

correct interpretation of the "for consumption" language.  See Indian Respondents

Br. 42-43.  Rather than abrogate responsibility, Domestic Producers' comments on

the remand determination presented evidence showing that the Vietnamese shrimp

industry regularly relies on imported frozen shrimp to fill orders for its customers

in third country markets and that there was no significant internal market for

imported shrimp in Vietnam.  Specifically, Domestic Producers noted that ZA Sea

Foods sold only to trading companies in Vietnam.  Appx2051-2052.  Domestic

Producers also analyzed ZA Sea Foods' shipment data to customers in Vietnam

and explained how this information rebutted any presumption that the sales were

for consumption in Vietnam.  Id.

Finally, Indian Respondents also argue that "the distinction raised by

AHSTAC between whether ZA Sea Foods' sales were 'for consumption' versus

'representative' . . . was irrelevant to Commerce's determination because just as

the record evidence did not establish that ZA Sea Foods' Vietnam sales were not

'representative,' AHSTAC also failed to identify any evidence establishing that

ZA Sea Foods' sales to Vietnam were not 'for consumption.'"  Indian Respondents

Br. 40.  Indian Respondents attempt to avoid the relevant issue by conflating two

distinct requirements of the statute.  See Corley v. United States, 556 U.S. 303, 314

(2009) (noting that "one of the most basic interpretive canons" requires that "{a}

statute should be construed so that effect is given to all its provisions, so that no

part will be inoperative or superfluous, void or insignificant" (internal citations and quotations omitted)).  In this case, the statute requires that third country sales be both "representative" and "for consumption" in order for such sales to be used to determine NV.  19 U.S.C. § 1677b(a)(1)(B)(ii).  Thus, Commerce had the discretion to reject ZA Sea Foods' sales to Vietnam as an appropriate basis to determine NV if, after an assessment of record evidence, the agency determined that the sales were either: (1) not for consumption in Vietnam; or (2) the prices of the third country sales are not representative.

## **CONCLUSION AND STATEMENT OF RELIEF SOUGHT**

For the reasons discussed above and in Domestic Producers' opening brief, Domestic Producers request that this Court reverse the CIT's remand order and affirm Commerce's determination in the Final Results, which was supported by substantial evidence and otherwise in accordance with law.

Respectfully submitted,

*/s/ Zachary J. Walker*

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street NW, Suite 800
Washington, DC 20006

*Counsel to the Ad Hoc Shrimp Trade
Action Committee*

June 26, 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-1469

**Short Case Caption:** Z.A. Sea Foods Private Ltd. v. US

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __4,392__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: __06/26/2023__          Signature: /s/ Zachary Walker

                              Name: Zachary Walker